## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARCO MALDONADO, #CE-4361** | : | |
| **Petitioner** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION** |
| | : | |
| **WARDEN, SCI GRATERFORD, THE** | : | **NO.  08-2385** |
| **DISTRICT ATTORNEY OF THE** | : | |
| **COUNTY OF PHILADELPHIA; and,** | : | |
| **ATTORNEY GENERAL,** | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA** | : | |
| **Respondents.** | : | |

### ORDER AND MEMORANDUM

### O R D E R

**AND NOW**, this 2nd day of June, 2008, upon consideration of the *pro se* Motion for

Relief From the Order Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedures [sic]

filed by petitioner, Marco Maldonado, under the caption Civil Action No. 03-3929, docketed as a

new Civil Action, 08-2385, in which petitioner raises two claims: (1) the Government made false

statements in its filings in Civil Action No. 03-3929; and, (2) delays in lower state courts

including post-conviction proceedings violated his due process rights, and the Court noting that

petitioner's first habeas corpus action, Civil Action No. 03-3929, was dismissed without

prejudice for failure to exhaust state remedies, by Order dated November 26, 2003, as amended

by Order dated December 8, 2003, and that petitioner filed a second habeas corpus action, Civil

Action No. 06-1203, which was denied on the merits by Order dated February 8, 2007, for the

reasons set forth in the attached Memorandum, **IT IS ORDERED** as follows:

1.  Petitioner's claim that the Government made false statements in its filings in Civil

Action No. 03-3929, petitioner's first habeas corpus action, is **DENIED**;

2.  Petitioner's remaining claims that delays in the lower state courts including post-conviction proceedings violated his due process rights are **DISMISSED WITHOUT PREJUDICE** to petitioner's right to seek authorization from the United States Court of Appeals for the Third Circuit to file a second or successive habeas petition pursuant to 28 U.S.C. § 2244 (b)(3)(A); and,

3.  The Clerk of Court shall **MARK** the case **CLOSED**.

## MEMORANDUM

## I.     INTRODUCTION

Presently before the Court is petitioner's *pro se* Motion for Relief From the Order Pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedures [sic].  The Motion was submitted under Civil Action No. 03-3929, but docketed as Civil Action No. 08-2385.  For the reasons that follow, petitioner's claim relating to alleged misstatements made by the Government in its filings in Civil Action No. 03-3929 is denied, and petitioner's claims that delays in the lower state courts violated his due process rights are dismissed without prejudice as a second or successive habeas corpus petition.

## II.    BACKGROUND

Petitioner was charged with capital murder, involuntary manslaughter, burglary, theft, robbery, multiple violations of the Uniform Firearms Act, criminal trespass, and possessing an instrument of crime arising out of the December 23, 1992 home invasion of 72 year old Alberto Gonzalez, and Gonzalez's death in his bedroom.  The facts and procedural history are set forth in detail in the Report and Recommendation of United States Magistrate Judge Arnold C. Rapaport filed in Civil Action No. 06-1203, and will not be repeated in this Memorandum.

Petitioner asserts two claims in the pending Rule 60(b) Motion, as follows: (1) the Government made false statements in its filings in Civil Action No. 03-3929; and, (2) delays in lower state courts including delays in post-conviction proceedings violated his due process rights. The Court will address each claim in turn.

## III.    DISCUSSION

### A.    Standard for Motions Under Rule 60(b)(6)

Rule 60(b) allows a party to seek relief from a final judgment under a limited set of circumstances, including fraud, mistake, and newly discovered evidence. See Fed. R. Civ. P. 60(b).[1]  The general purpose of the Rule is "to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done."  Boughner v. Sec'y of Health, Educ. and Welfare, 572 F.2d 976, 977 (3d Cir. 1978).  "The decision to grant or deny relief pursuant to Rule 60(b) lies in the 'sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances.'"  United States v. Hernandez, 158 F. Supp. 2d 388, 392 (D. Del. 2001) (quoting Ross v. Meagan, 638 F.2d 646, 648 (3d Cir. 1981)).

Rule 60(b)(6) serves as the "catchall provision" in Rule 60(b).  See Coltec Industries, Inc.

---

[1] Rule 60(b) provides that on motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgement is void; (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

v. Hobgood, 280 F.3d 262, 273 (3d Cir. 2002).  Rule 60(b)(6) "vests power in courts adequate to

enable them to vacate judgments whenever such action is appropriate to accomplish justice."

Klapport v. United States, 335 U.S. 601, 614-15 (1949).  The Third Circuit "has consistently held

that the Rule 60(b)(6) ground for relief from judgment provides for extraordinary relief and may

only be invoked upon a showing of exceptional circumstances."  Coltec Industries, Inc., 280 F.3d

at 273 (quoting In re Fine Paper Antitrust Litig., 840 F.2d 188 (3d Cir.1988)).  A Rule 60(b)(6)

motion must be made within a "reasonable time after the entry of the judgment or order or the

date of the proceeding."  Fed. R. Civ. P. 60(c)(1).

> **B.**     **Applicability Of the Anti-Terrorism and Effective Death Penalty
> Act, 28 U.S.C.  § 2241 *et seq.*, Limitation on Second or Successive
> Habeas Petitions To A Motion Filed Under Federal Rule of Civil
> Procedure 60(b)**

In addressing petitioner's Rule 60(b)(6) Motion, the Court must first determine whether

the motion is, in essence, a second or successive 28 U.S.C. § 2254 habeas petition.  Such a ruling

is necessary because the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C.

§ 2241 et seq., limits a petitioner's ability to file a second or successive habeas petition.  Before

filing a second or successive 28 U.S.C. § 2254 habeas petition raising new claims, a petitioner

must obtain an order from the appropriate court of appeals authorizing the district court to

consider the petition.  See 28 U.S.C. § 2244(b) (3)(A).

The Supreme Court and the Court of Appeals for the Third Circuit have ruled that a Rule

60(b) motion to vacate a judgment denying a habeas corpus petition under 28 U.S.C. § 2254 is

construed as a second or successive habeas petition where the Rule 60(b) motion seeks to

challenge the underlying state conviction.  See Gonzalez v. Crosby, 545 U.S. 524 (2005);

Pridgen v. Shannon, 380 F.3d 721 (3d Cir. 2004).  In contrast, "in those instances in which the

factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier

habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be

adjudicated on the merits." Pridgen, 380 F.3d at 727.

A Rule 60(b) motion will be considered a second or successive habeas corpus petition

where "it attacks the federal court's previous resolution of a claim *on the merits*, since alleging

that the court erred in denying habeas relief on the merits is effectively indistinguishable from

alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas

relief." Gonzalez, 545 U.S. at 532 (emphasis in original; footnote omitted).  "A determination

that the Rule 60(b) motion was in essence a second or successive habeas petition means that

under AEDPA the District Court d[oes] not have jurisdiction to entertain the motion [unless the

petitioner is authorized by the court of appeals] to file a successive habeas petition." Pridgen,

380 F.3d at 725 (citing 28 U.S.C. § 2244(b)).

### C.      Claims Made By Petitioner in Rule 60(b)(6) Motion

#### 1.      Alleged False Statements Made By the Government In Its Filings In Civil Action No. 03-3929

Petitioner argues that false statements made by the Government in its filings in Civil

Action No. 03-3929 warrant the granting of his Rule 60(b) Motion.  This argument appears to

attack the manner in which the first habeas judgment was procured, not the underlying

conviction.  Thus, the Rule 60(b) Motion may be adjudicated on the merits. Pridgen, 380 F.3d at

727.

According to petitioner, the Government stated in its filings in Civil Action No. 03-3929

that ". . . petitioner himself apparently took no action for over six years to either have his attorney

replaced or let the court know he wished the evidentiary hearing to be completed without an attorney." Rule 60(b) Motion at 3.   That is the only statement challenged by petitioner. Petitioner claims that statement was false and offers as evidence of that position numerous letters to and from his attorney, and one letter to the Court Reporter in the Court of Common Pleas, during the period August 27, 1996, through March 24, 2003.  Copies of those letters are attached to the Rule 60(b) Motion as Exhibits A through K.  Petitioner's argument is rejected for several reasons.

First, Civil Action No. 03-3929 was dismissed without prejudice for failure to exhaust state remedies by Order dated November 26, 2003, as amended by Order dated December 8, 2003.  The alleged false statement would not have altered that decision.

Second, in the language quoted by petitioner, the Government states that petitioner "apparently took no action for over six years . . ." (emphasis added).  In response to that statement, petitioner should have presented the letters in question in Civil Action No. 03-3929 to show what he did regarding the state case during those years.  On the record before the Court, there are no facts alleged which support petitioner's allegations that the Government intentionally made a false statement.[2]

Third, Civil Action No. 03-3929 was dismissed without prejudice.  Therefore, petitioner suffered no prejudice as a result of the alleged false statement.

Civil Action No. 03-3929, petitioner's first habeas corpus action, was dismissed without prejudice for failure to exhaust state remedies.  There is no doubt that petitioner had failed to

---

[2]The Court concluded it was unnecessary to retrieve the Clerk's File in Civil Action No. 03-3929 from storage to determine whether petitioner presented any evidence of his communications regarding the state case from 1996 to 2003.

exhaust state remedies as of the time of the issuance of the Orders of dismissal, November 26, 2003, and December 8, 2003, and the alleged false statement did not affect that determination. The alleged false statement made by the Government in its filings in that action do not entitle petitioner to any relief under Rule 60(b).

### 2.  Claim that Petitioner's Due Process Rights Were Violated By Delays In the Lower State Courts Including Delays in Post-Conviction Proceedings

Petitioner's claim that his due process rights were violated as a result of delays in state court challenge the validity of his conviction.  Petitioner has filed two previous habeas corpus petitions under 28 U.S.C. § 2254.  Although the first, Civil Action No. 03-3929, was dismissed without prejudice, the second petition filed in Civil Action No. 06-1203 was adjudicated on the merits and denied with prejudice.[3]   Because this part of the Rule 60(b) Motion "attacks the federal court's previous resolution of a claim on the merits," it is a second or successive habeas petition and requires an order of the Court of Appeals authorizing the District Court to consider it.  Gonzalez, 545 U.S. at 532.  This claim is dismissed without prejudice for failure of petitioner to obtain the required authorization of the Court of Appeals.

**BY THE COURT:**

**/s/ Honorable Jan E. DuBois**
        **JAN E. DUBOIS, J.**

---

[3]The Court notes that the habeas corpus petition in Civil Action No. 06-1203 did not include a claim that petitioner's due process rights were violated by delays in state court proceedings.  However, such a claim was made in the habeas corpus petition filed in Civil Action No. 03-3929 which was dismissed without prejudice by Order dated November 26, 2003, as amended by Order dated December 8, 2003.